HENRY E. TURNER & others *vs.* WILLIAM T. WENTWORTH & others.

Suffolk.    Nov. 10, 1875. — Jan. 11, 1876.    ENDICOTT & LORD, JJ., absent.

Upon the trial of a petition to enforce a mechanic's lien, the question whether the certificate required by the Gen. Sts. *c.* 150, was filed within thirty days after the work was completed or materials furnished under the contract, or whether work was done within the thirty days colorably, for the purpose of reviving the lien, is a question of fact, upon which the finding of the judge, who tries the case without a jury, is final.

On the trial of a petition to enforce a mechanic's lien, the question whether labor was performed and materials furnished by the petitioner upon each of three houses in a block under an entire contract, or under separate contracts, is a question of fact, upon which the finding of the judge, who tries the case without a jury, is final.

On the trial of a petition to enforce a mechanic's lien, the petitioner claimed a lien for furnaces and ranges furnished by him. The judge who tried the case without a jury found that the petitioner was entitled to the lien    *Held,* that the question was one of mixed fact and law : that if the transaction between the petitioner and the owner of the buildings was merely a sale of the furnaces and ranges as personal property, there would be no lien ; but if by the contract the furnaces and ranges were to be furnished as parts of the houses, and they were in fact so applied, there would be a lien ; and that, it not appearing that the judge erred in applying these principles of law, exceptions alleged to his finding could not be sustained.

PETITION to enforce a lien under the Gen. Sts. *c.* 150, for labor performed and materials furnished, in the construction of a block of three houses in Boston. Trial in the Superior Court, before *Putnam,* J., without a jury, who allowed a bill of exceptions in substance as follows :

The petitioners were dealers in furnaces and ranges. The re-pondent Wentworth was the owner of the land, and the builder of the three houses in a block in Clarendon Street, in Boston. In February, 1870, the petitioners contracted orally with Went-worth to furnish three portable furnaces, pipes and registers, com-

plete, and three ranges, with utensils complete, one for each house, for the price of $285 for each house. Wentworth was to furnish brick, and do the carpenter and mason work necessary in putting in materials furnished by the petitioners. These furnaces were those usually known as portable furnaces, and were delivered at the houses by the petitioners, the builder constructing the brick work or base on which each was set. The evidence was that each furnace was set in mortar upon the brick work, with an air-chamber between the furnace and the foundation, in such a way that it could not be removed without disturbing or breaking the connection. With the exception of what the petitioners did on March 15, following, hereinafter referred to, said furnaces and ranges had been put into the houses; and some extra work occasioned by changes ordered by the builder was done on or before June 8, 1870; and the charges were made therefor on June 8, by the petitioners.

On March 15, 1871, one of the houses being occupied by a tenant, and the other respondents having taken mortgages, as set forth in the petition, which were all recorded August 19, 1870, the petitioners were requested by Wentworth to complete the jobs, and accordingly sent two or three metallic registers for the furnace in each of said houses, and the pots, kettles and other utensils for each of said ranges, together with the lids thereof, also four or five short pieces of tin hot-air pipe, to be connected with the furnaces. As originally contemplated, the metallic registers were to rest horizontally in stones set in the floor; but, by the changes made on or before June 8, at Wentworth's request, one of these stones in each house was transferred to a partition, and set in an upright position. No charge was made for this change, the petitioners testifying that Wentworth had a right to have such changes made. When the registers were carried there on March 15, it became necessary to drill holes in the stones set in the partition, and to insert some screws to retain the registers in their places. This work was done on that day. In the house occupied by the tenant, two registers only were furnished, and the work of setting a register in an upright stone, as before described, by drilling holes and inserting screws, was all the work done in that house on that day, except that of leaving the uten sils for the range

The certificate of a lien was filed on April 14, 1871. At the hearing, the original petition appeared to have been lost, and could not be found, and the hearing proceeded against the respondents' exceptions, upon a certified copy, the judge reserving the rights of the respondents.

The respondents contended : " 1. That the materials furnished and work performed by the petitioners were completed on June 8, 1870, as represented in their several bills of particulars, and that the petitioners were bound by their representations in said bills of particulars, and estopped thereby to claim for what was done in March following.

" 2. That the materials furnished, and labor performed in connection therewith, did not come within the provisions of the Gen Sts. *c.* 150.

" 3. That what was done on March 15, 1871, the thirtieth day preceding the filing of the certificate of lien, could not be regarded as ceasing to labor on or furnish materials for a building or structure within the provisions of § 5 of said statute.

" 4. That as the contract was to furnish certain articles at a specified price for each of the several houses, as set forth in each of three bills of particulars, the prayer of the petition ' that all the land and buildings may be sold,' could not be granted."

" 5. That no decree or order could be made in the absence of the original petition."

Upon the issues of fact and of law, the findings of the judge were as follows :

" 1. That the petitioners furnished both labor and materials upon all of the houses in question, as late as the 15th of March, 1871, and so that the certificate was seasonably filed, and the action seasonably brought.

" 2. That the contract was entire and indivisible to do work and furnish materials upon an entire estate, that is, upon the block of three houses, at $285 per house, and that the lien attaches to the whole estate.

" 3. That the mortgagees take their title subject to the lien.

" 4. That the furnaces and ranges were fixtures, and so that the petitioners are entitled to their lien.

"5. That the petitioners are entitled to establish their lien, and said lien is established for the sum of $805.95 and interest from the date of filing of the petition."

To the foregoing rulings, opinions and findings as matter of law, the respondents alleged exceptions.

*C. R. Train & A. Russ,* for the respondents having mortgages on the land.   1. The fundamental idea running through all the statutes for the enforcement of this class of liens is the equity of the mechanic to be paid for his labor and materials by subjecting to a lien the identical structure, with the land to which it is annexed, which structure he has contributed to bring into existence; so it has been held that the lien applies only to real estate.   *Belding* v. *Cushing,* 1 Gray, 576.

2. The statute should be construed according to the mischief to be remedied, which was that by the common law the mechanic, who erected, constructed or repaired fixed or stationary machinery, structures or buildings, was without that safe security for compensation which a specific lien on the machinery, the structure or building would afford.   But with reference to movable machines, implements or chattels, the common law affords ample and complete security to the mechanic by leaving in him the right of property if he chooses to make his sale upon the appropriate stipulations or conditions, or he may retain the possession thereof. Phillips on Mechanics' Liens, § 178.   *New England Car Spring Co.* v. *Baltimore & Ohio Railroad,* 11 Md. 81, 90, 91.

3. The case finds that the petitioners were dealers in ranges and furnaces; that the materials they furnished in this instance were portable furnaces.   These are personal chattels, and the nearest they get to the realty is when they are impressed with the character of removable fixtures, not necessary to the inheritance, but convenient and useful to the tenant.   The Supreme Court of Maine, in construing the language of a statute identical with ours, say, that to come within this provision the materials must be so applied as to constitute a part of the building, and not be merely a fixture for its more convenient use.   *Lambard* v. *Pike,* 33 Maine, 141.   *Truesdell* v. *Gay,* 13 Gray, 311, 312. Phillips on Mechanics' Liens, § 175.

In February, 1870, the petitioners contracted to furnish these articles; they were put into the houses, and some extra work

occasioned thereby was performed on or before June 8, 1870 ; the charges were made therefor on June 8, 1870 ; no charge is subsequently made. The learned judge therefore erred in law when he found as a fact that the petitioners furnished labor and materials upon these houses as late as March 15, 1871. A trivial addition at the expiration of a period of ten months, too insignificant to be regarded worthy of a charge, cannot bring to life a defunct lien. The petitioners show a completion of their contract on June 8 ; they show all the extra work considered worthy of a charge to have been then performed and charged. They made their record, completed their charges ; they made no subsequent or additional charge ; no debt was subsequently created, and it is to secure a debt that they claim a lien. The sale by the petitioners of these portable furnaces and utensils did not entitle them to a lien, for the case finds that Wentworth, who was the owner of the land and buildings, and one of these respondents, was to furnish brick and perform all the carpenter and mason work used in connection therewith. The case also finds that on June 8, 1870, the petitioners charged for some extra work not contemplated in their contract of sale, occasioned by some changes ordered by the builder; in consequence of these changes a trifling amount of mechanical work, not considered worthy of a charge, was performed on March 15, 1871. This labor performed on March 15, 1871, was connected only with the extra work made the subject of extra charge in the petitioners' bill of particulars, and so could draw after it only that extra work; and if a lien can be maintained at all, it must be for the amount of this extra work which was independent of the sale of furnaces and ranges. As against these mortgagees, who took their title after the apparent completion of these buildings, these petitioners ought to be estopped by the record in their own books, the completion of their charges and accounts made up to June 8, 1870 ; they obviously regarded the work as completed ; and some trifling changes which they considered the builder as entitled to have made without charge, and the delivery of a few utensils, cannot, under any just construction of the statute, entitle them to supersede the title of these mortgagees.

*H. D. Hyde & M. F. Dickinson, Jr.,* for the petitioners, were not called upon.

MORTON, J.   In cases which are tried by the court without a jury, each party has the right to except to the decisions and rulings of the court upon matters of law, in the same manner and with the same effect as upon trial by jury.   But the findings of the court upon matters of fact are conclusive to the same extent as the verdict of a jury, and this court has not the power to revise such findings upon a bill of exceptions.   In the case at bar, the exceptions alleged by the respondents are rather of the nature of objections to the findings of the presiding judge as to matters of fact, than of exceptions to his decisions and rulings in matters of law.

1. The question whether the certificate filed in the office of the clerk of the city was seasonably filed is a question of fact. The statute provides that the lien shall be dissolved, unless the person claiming it files the certificate " within thirty days after he ceases to labor on or furnish labor or materials for " the building upon which he claims a lien.   The evidence showed that the petitioners did some labor, and furnished some materials used, in the erection of the building, within the thirty days.   If this was done in good faith, for the purpose of completing their contract, and not colorably in order to revive their lien, the thirty days would begin to run from the time they thus performed labor and furnished materials.   This presented purely a question of fact, upon which the finding of the presiding judge is conclusive.

2. The petitioners claim a lien for three furnaces and three ranges set by them, one in each house, in a block of three houses. If the labor and materials for which they claim a lien were performed and furnished under an entire contract, a lien attached in their favor to the entire estate.   *Wall* v. *Robinson,* 115 Mass. 429.   *Worthley* v. *Emerson,* 116 Mass. 374.   The finding of the judge who heard the case, " that the contract was entire and indivisible to do work and furnish materials upon an entire estate," cannot be revised by this court.

3. The only other question argued to us is as to the correctness of the finding of the presiding judge that the petitioners were entitled to a lien for the furnaces and ranges furnished by them. The question before him upon this subject was a mixed question of law and fact.   If the transaction between the petitioners and the owner of the building was merely a sale by the former of the

furnaces and ranges as personal property, they would have no lien upon the building in which they were put by the purchaser. But if by the contract of the parties the furnaces and ranges were to be furnished as parts of the several houses in which they were put; if it was the intention and understanding that they should be, and they were in fact, applied so as to constitute parts of the buildings, the petitioners would have a lien for them. They would be, within the statute, materials furnished and used in the erection of the buildings. There was competent evidence which would justify the finding that they were furnished under the contract, as parts of the buildings, and that they were annexed to and became parts of the realty, and there is nothing in the bill of exceptions to show that the presiding judge did not correctly apply the rules of law to the facts proved. His finding, therefore, upon this question is conclusive.

4. The exception to the ruling that the hearing might proceed upon a certified copy of the petition, the original having been lost, was not pressed at the argument, and we consider it as waived. *Exceptions overruled.*