GEORGE McCONNELL *vs.* DEXTER BLOOD.

Suffolk.   March 29. — June 30, 1877.   AMES & LORD, JJ., absent.

A mortgage of a building covers an engine and boiler, a steam-gauge, a water tank, a steam-pump connected therewith, and the shafting therein, intended to permanently increase the value of the building for occupation ; but not machines which are incidental merely to the particular business carried on in the building at the time, although some of them are attached to the building by nails or bolts.

TORT for the conversion of machinery.   The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, on an agreed statement of facts in substance as follows :

The plaintiff claims title as assignee of one Cunningham, under a composition with his creditors ; the defendant, as mortgagee of certain real estate used by Cunningham as a shoe-shop, in which the machinery was situated and used by Cunningham. The only question at issue is whether the machines enumerated below are personal property and passed to the plaintiff as against the defendant, who has foreclosed his mortgage ; or fixtures which the defendant, as mortgagee, can hold.   The machines, and the manner of their attachment to the building, are as follows :

" 1.  A Baxter upright steam-engine and boiler, ten-horse power, resting on a layer of brick on the lower floor ; the floor rests upon blocks which rest upon the brick walls of a tank built into the soil for the purpose of supplying the engine with water, the engine above the boiler being bolted through the timbers of the floor above by two iron bolts.   The total height of the boiler and engine is eight feet and two inches, the height of the boiler is five feet, the circumference of the boiler twelve feet eight and one half inches, the diameter of the balance-wheel thirty inches, and the diameter of the driving-wheel twenty inches.   Steam-pipes for heating the building are connected with the boiler, and the exhaust-pipe and blow-pipe pass off through the floor below the boiler.   The engine and boiler could be detached from the building, for use elsewhere, without damage to the building, but in order to remove them from the building it would be necessary to enlarge two doorways, one of them being the outer door.

2. A steam-gauge, connected with the engine by an iron pipe, and fastened to a piece of plank nailed to the flooring timbers above.

3. A steam-pump, bolted to a plank bench, which bench is nailed to the studding of the building and to the floor, and is connected by pipes with a tank, upon the floor above, that furnishes water for the boiler, and with another tank in the attic, that furnishes water for general uses.

4. One sole-leather stripping machine. 5. One sole-leather splitting machine. 6. One sole-cutting machine. These three machines are heavy iron machines, not fastened to the floor by bolts or screws, but belted downward to the shafting under the floor; being so belted downward, it is unnecessary to bolt them to the floor for use.

7. One sole-leather rolling machine, attached in the same manner as the last three machines, except that in addition a small wooden table is attached to the machine, and is nailed to a post of the building and to the floor, so that to take down the machine it would be necessary to remove the table.

8. One small iron welt-splitting machine, bolted to a bench which is nailed to the floor and to the walls of the building, and is bolted downward to shafting below the floor.

9. A buffing-machine, consisting of a wooden frame with buffing-wheels and iron pulleys, the pulleys being belted through the floor to shafting below, and the frame being nailed to the floor and the wall of the building.

10. An upper-leather splitting machine. 11. A skiving machine. 12. A strap-cutting machine. 13. A welt-cutting machine. These four are small iron machines screwed to a table which is nailed to the floor, and the machines are belted to the shafting above.

14. One siding-machine, standing on a bench nailed to the floor and the side of the building, belted to shafting below through the floor, and connected by a steam-pipe with the boiler two stories below, for the purpose of melting wax.

15. Three stitching-machines, small iron machines resting on the same bench and belted down in the same manner as the siding-machine.

16. One eyeleting machine, a small foot-power machine, screwed to a plank which is nailed to a post of the building, the treadle being nailed to the floor, and working on an iron staple in the post.

17. One punching machine, a small iron machine for punching eyelet holes, screwed to the same bench as the stitching machines, and belted down in the same manner.

18. An upper-leather rolling-machine, a heavy iron machine bolted to the floor below and belted to the shafting above.

19. One water-tank, in the attic, a section of an iron boiler resting by its own weight, fed by a pipe from the steam-pump, and distributing water by other pipes through the building for general use.

20. All the shafting in the building. This runs in iron hangers bolted to the floor timbers.

For such of the machinery held by the court to be personalty the plaintiff was to recover, the damages to be assessed by an assessor.

*B. Dean*, for the plaintiff.

*W. S. B. Hopkins*, for the defendant.

SOULE, J. The rights of these parties are determined by the rules which apply between mortgagor and mortgagee. Many things which, as between landlord and tenant, would be removable as chattels, are regarded as part of the realty, in favor of a mortgagee. In ascertaining what articles have become part of the realty, regard must be had to the manner in which, the purpose for which, and the effect with which, they are annexed. *McLaughlin* v. *Nash*, 14 Allen, 136. *Pierce* v. *George*, 108 Mass. 78. Whatever is placed in a building by the mortgagor to carry out the obvious purpose for which it was erected, or to permanently increase its value for occupation, becomes part of the realty, though not so fastened that it cannot be removed without serious injury either to itself or to the building. On the other hand, articles which are put in merely as furniture are removable, though more or less substantially fastened to the building. So, too, machines not essential to the enjoyment and use of a building occupied as a manufactory, nor especially adapted to be used in it, are removable, though fastened to the building, when it is clear that the purpose of fastening them is

to steady them for use, and not to make them a permanent part of or adjunct to the building.  *Winslow* v. *Merchants Ins. Co.* 4 Met. 306.  *Hellawell* v. *Eastwood,* 6 Exch. 295.  *The Queen* v. *Lee,* L. R. 1 Q. B. 241.  *Pierce* v. *George,* above cited.

The engine and boiler, which were put in to supply the premises with power; the steam-gauge, which is essential to the safe use of the same; the water-tank, for supplying the building with water for general use; the steam-pump connected therewith, and the shafting, are evidently designed as permanent additions to the realty, and could not be removed without seriously injuring the value of the building for use.

The other articles named in the agreed facts are in no way essential to the enjoyment of the estate; they are incidental merely to the particular business carried on at the time; and, though some of them are affixed to the building by nails or bolts, it is clear that the object of affixing them is only to secure them so that they may be advantageously used, and not to make them permanent parts of the building.   They are therefore chattels; and for their value, to be ascertained by an assessor, there must be                                        *Judgment for the plaintiff.*