CHARLES H. ALLEN, executor, vs. JOHN T. MOONEY &
another.

Essex. Nov. 4, 1880. — Jan. 15, 1881. AMES & ENDICOTT, JJ., absent.

Whether a portable furnace set upon a brick foundation, with the pipes and
registers connected therewith, is so placed in a house upon land mortgaged
as to become a part of the realty, is a question of fact, or of mixed law and
fact, upon which the decision of a judge of the Superior Court, sitting without
a jury, is not open to revision on a bill of exceptions.

TORT, by the executor of the will of Thomas M. Saunders,
for the conversion of a furnace and pipes, four iron registers, and
the soapstone foundations in which the registers were fixed.
Answer, a general denial. Trial in the Superior Court, without
a jury, before *Allen*, J., who allowed a bill of exceptions in sub-
stance as follows:

It appeared in evidence that the plaintiff's testator held two
mortgages upon certain real estate in Salem, consisting of a
dwelling-house with the land under and adjoining the same, the
first mortgage being dated October 14, 1874, and the second
May 24, 1876; and that, in October 1876, A. S. Dudley, the
owner of the real estate subject to the mortgages, purchased of
the defendants a furnace of the kind commonly known as a
"portable furnace," with the pipes and registers connected there-
with. The articles were sold on credit at first, and afterwards a
note was given by Dudley to the defendants in payment.

The furnace, with the pipes and registers, was placed in the
house standing on the premises, the house being a part of the
premises when the mortgages were given. An excavation a foot
in depth was made in the cellar of the house and a brick founda-
tion built therein with mortar. The top of this brick foundation
was covered with mortar and the furnace placed thereon.

The evidence was conflicting upon the question whether or not
the furnace was in any way attached to the brick foundation by
the mortar; but the judge found as a fact that it was not so
attached, and that the mortar was placed on the top of the foun-
dation, not for the purpose of fixing the furnace to the founda-
tion, but in order to make a level surface for the furnace to rest
upon, and to prevent the entrance of air underneath.

Four pipes extended from the furnace to the lower floor, and other pipes through closets to the upper part of the house, and registers were placed in the floor in the lower story, and in the floor and partitions in the upper part of the house.

The note given in payment for the furnace and other articles not being paid at maturity, the defendants, without the authority or knowledge of the mortgagee, but with the consent and by the authority of Dudley, who occupied the premises, entered thereon, took the furnace off the brick foundation, and carried away the furnace, the four pipes leading to the first floor, and the four registers, with the soapstone in which they were set on the lower floor, leaving the foundation, the remaining pipes and registers, and everything else connected with the furnace, in the house.

Upon this evidence, the defendants requested the judge to rule that, as between the parties to this action, the articles taken were not a part of the realty; and that no conversion of the plaintiff's property had been shown. But the judge refused so to rule; ruled that the evidence was sufficient to sustain the plaintiff's claim; and ordered judgment for the plaintiff. The defendants alleged exceptions.

*H. P. Moulton,* for the defendants.

*C. Sewall,* for the plaintiff.

LORD, J. It is the duty of an excepting party to show error in the rulings to which exceptions are taken. In this case, no error is shown. The mortgagor of the house, while owning the equity of redemption, placed in it what is known as a portable furnace, with pipes and flues adapted to warm the house. A portable furnace may or may not be a part of the realty. Whether it is or is not may be matter of law, or of fact, or of mixed law and fact. In this case, nothing is reported for our consideration except the fact that the furnace is a portable one, set upon a brick foundation, commencing a foot in depth below the surface of the cellar. Four pipes extended from the furnace to the lower floor; and other pipes through closets to the upper part of the house, and registers were placed in the floor in the lower story, and in the floor and partitions in the upper part of the house. These are all the facts that are reported. Whether there were chimneys in the house, or fireplaces, or in what mode the registers were placed either in the floors or the partitions,

does not appear. The furnace was placed in the house, and adapted for use by the owner; and it was certainly competent for the presiding justice to find that the owner of the building placed it there as a part of the realty. In the removal of this furnace, it is found that the defendants took it off the brick foundation, carried it away, and carried also " the four pipes leading to the first floor, and the four registers, with the soapstone in which they were set, on the lower floor, leaving the foundation, the remaining pipes and registers, and everything else connected with the furnace, in the house."

These facts were competent evidence for the judge to consider in determining whether the owner of the building had placed the furnace and apparatus connected with it in the house as furniture, or whether he had intended to make it, and had made it, a part of the realty. The case of *Towne* v. *Fiske*, 127 Mass. 125, relied upon by the defendant, is authority only to the extent that a portable furnace may or may not be a part of the realty; and *Turner* v. *Wentworth*, 119 Mass. 459, decides also that whether a furnace is or is not a part of the realty is a question of fact, or rather a mixed question of law and fact, dependent upon the intention and understanding of the party who devotes it to the use of the building, whether it shall be merely personal property, or whether it shall constitute a part of the building.

Whatever may be the test of personalty between landlord and tenant, as between grantor and grantee, or mortgagor and mortgagee, the test is certainly not whether the part claimed as personalty can be removed without injury to what remains. Perhaps it would not be easy — certainly there is no necessity — to state a test which would be certain in every case, because the purpose and intention of the owner of the estate is involved in the act. There was evidence which it was competent for the judge to consider in determining whether the furnace was a part of the realty. He has considered that evidence, has found it to be part of the realty; and, upon a bill of exceptions, we cannot revise his finding of the fact.  *Exceptions overruled.*