JOHN H. HUBBELL *vs.* EAST CAMBRIDGE FIVE CENTS
SAVINGS BANK.

Middlesex.    Jan. 12. — March 3, 1882.    LORD, FIELD & C. ALLEN, JJ.,
absent.

A mortgage of land does not cover machines resting upon the floor of a building
on the land, by means of iron legs, fastened to the floor by screws only for the
purpose of steadying them when in use, and which, although of great weight,
connected with shafting, and adapted for use and necessary in the business car-
ried on in the building, can be moved without injury to the building and
used elsewhere.

REPLEVIN of "one large engine lathe, one small engine lathe,
one Ames iron planer and one upright drill." The case was
submitted to the Superior Court, and, after judgment for the
plaintiff, to this court on appeal, upon agreed facts in substance
as follows :

The articles replevied, at the time the mortgage hereinafter
named was made, and at the time this action was brought, were
in a building in Somerville, owned and used by the American
Art Foundry Company in the business of manufacturing me-
tallic castings and metallic goods, and were suitable for and
used in said manufacture.

On October 25, 1875, said company mortgaged to the defend-
ant the land on which the building was situated. This mort-
gage contained the usual power of sale, and was duly recorded.
On September 6, 1878, there being a default in the condition
of the mortgage, the defendant made an entry for the purpose
of foreclosing the same ; and on January 13, 1879, duly sold
the premises under the power in the mortgage to John H.
Leighton, who, on January 29, reconveyed the premises to the
defendant.

On July 27, 1877, the American Art Foundry Company sold
to the plaintiff all the machinery, tools, fixtures and personal
property used in the business of the company in said build-
ing.

The large engine lathe named in the writ was seven feet long,
three feet high and fifteen inches wide, and weighed about
1400 pounds. The small engine lathe was forty-two inches

long, three and one half feet high and fifteen inches wide, and weighed 500 pounds. The Ames iron planer was four feet long, three feet high and twenty inches wide, and weighed 1600 pounds. The upright drill weighed about 1200 pounds. Each of these machines was supported on four iron legs, which rested upon a plank floor of about two inches in thickness. In the foot of each leg was a hole, through which passed a screw of from one and one half to two inches in length and a little less than a quarter of an inch in diameter, by which the machines were fastened to the floor for the purpose of steadying them while in use. Each of these machines was operated by a belt and pulley connected with a counter-shaft, which was connected by a belt and pulley with a line of main shafting running through the building. All of these machines could be removed without displacing or materially injuring any part of the building or land, and used elsewhere for similar purposes.

*J. H. Young*, for the plaintiff.

*J. Conlan*, for the defendant.

MORTON, C. J. The only question in this case is whether the articles replevied passed to the defendant as a part of the realty under its deed of mortgage from the American Art Foundry Company.

It is impossible to lay down any precise test by which to determine whether machinery or other articles attached to or used in a building become a part of the realty. It depends upon the relations of the parties, the character of the articles, their adaptation to, and the manner in which they are attached to, or used in, the building, and generally upon the circumstances of each case as indicating the intention of the parties. In the case of machinery or other articles, which are not obviously an integral part of the realty, the question is whether all the facts of the case lead to the presumption or inference that the owner, in placing them in the building, intended them as a permanent improvement of or addition to the realty. If this is the fair presumption or inference, then a grantee or mortgagee would have the right to consider them as constituting a part of the realty, and they would pass to him by his deed. *Winslow* v. *Merchants' Ins. Co.* 4 Met. 306. *Pierce* v. *George*, 108 Mass. 78.

*McConnell* v. *Blood*, 123 Mass. 47. *Allen* v. *Mooney*, 130 Mass. 155.

In the case before us, the mortgage deed to the defendant merely conveys the land upon which the building stood, and contains no reference to any of the machinery used in the building. It therefore furnishes no indication that the parties intended or understood that any of the machines were to be regarded as a part of the realty.

The machines in question were not annexed to the building, so as to indicate that they were intended to be a part of the realty. Each of them had four iron legs, which stood upon the floor, and were fastened to the floor by screws only for the purpose of steadying them when in use. They were movable machines, which, though heavy, could be moved without injury to the building, and were equally adapted for use elsewhere. The mere fact that they were adapted to be used in this factory, and that they were necessary to carry on the business, is not enough of itself to impress on them the character of realty. The same thing is true of the tools used by hand in the manufacture there carried on.

The case cannot be distinguished from *McConnell* v. *Blood*, *ubi supra*, and we are of opinion that, upon the facts agreed, the judgment of the Superior Court in favor of the plaintiff was right. *Judgment affirmed.*