Carroll, }
June, 1897. }

The Graton & Knight Manufacturing Co. *v.* The Wood-worth-Mason Co., Kennett, *Claimant.*

One who has furnished belting for a factory in the course of erection, by virtue of a contract with the owner thereof, will have a lien thereon, under P. S., c. 141, s. 10, if the belting became a fixture when attached to the machinery as intended.  In such case the lien would attach when the belting was furnished, although it was not affixed until a later date.

The mortgagee of a building in the course of erection is chargeable with notice of a contract under which materials therefor are furnished to the mortgagor; and his security will be subject to the statutory lien, if one exists.

Assumpsit, for belting furnished by virtue of a contract with the defendants for their box factory, then in the course of erection. The plaintiffs claim a lien for the price of the belting ($432.45), under P. S., *c.* 141, *s.* 10. The belting was affixed to the machinery in the factory, October 24 to 28, 1894.

The claimant claims the belting under two mortgages from the defendants, both dated October 20, 1894,— one, a personal mortgage of the machinery and belting then in the factory, and the other, a mortgage of the real estate. The belting was on the premises when the mortgages were executed.

*John B. Nash*, for the plaintiffs.

*Edgerly & Mathews*, for the claimant.

Chase, J. "If a person shall . . . furnish materials to the amount of fifteen dollars or more, for erecting . . . a house or other buildings or appurtenances, by virtue of a contract with the owner thereof, he shall have a lien thereon and on any right of the owner to the lot of land on which the house, building, or appurtenances stand," for ninety days after the materials are furnished. P. S., *c.* 141, *ss.* 10, 16. Whether the belting was a material to be used in the erection of the box factory building or its appurtenances, depends upon the question whether it would be a fixture after it was attached to the machinery as intended. Belting may be a fixture. *Burnside* v. *Twitchell*, 43 N. H. 390; *Langdon* v. *Buchanan*, 62 N. H. 657. In determining whether it is in a given case, " the purpose of the annexation and the intent with which it is made are the important considerations." *Langdon* v. *Buchanan*, 62 N. H. 657, 660. It is a mixed question of law and fact. *Kent* v. *Brown*, 59 N. H. 236; *Turner* v. *Wentworth*, 119 Mass. 459.

It is not found whether the belting became a fixture when affixed to the machinery as intended. If it did, the plaintiffs, by furnishing it, furnished a material for erecting the building or its appurtenances within the meaning of the statute. In such case, the lien would attach upon the furnishing of the belting, although the belting was not affixed to the machinery until a later time. *Barstow* v. *Robinson*, 2 Allen 605. The building being in the course of erection when the claimant took the mortgages, he would have constructive, if not actual, notice of the contract under which the belting was furnished, and his security would be subject to the statutory lien, if one existed. *Cheshire Provident Institution* v. *Stone*, 52 N. H. 365; *Pike* v. *Scott*, 60 N. H. 469, 472.

*Case discharged.*

Blodgett, J., did not sit: the others concurred.