Hillsborough, }
June 29, 1933. }

HOLY TRINITY POLISH NATIONAL CATHOLIC CHURCH
*v.*
RICHARD M. O'DOWD.

*Arthur B. Hayden* and *Wyman, Starr, Booth & Wadleigh,* for the plaintiff.

*Osgood & Osgood,* for the defendant.

PEASLEE, C. J. This is a proceeding to determine the title to certain church fittings and paraphernalia. No question has been made as to the manner in which the question has been presented. The decisive fact as to each article is whether it is personal property or real estate. In so far as it is real estate the plaintiff is to prevail, and as to personal property the defendant has the superior right.

Many of the articles are bulky, heavy, and attached to the church building. As to each of these the master found that it was "adapted, designed and intended when installed to be and remain a part of the church building and it was not intended that it should be removed therefrom." Upon this finding he ruled that these articles were parts of the real estate.

The ruling was correct. "The purposes of the annexation and the intent with which it is made are the important considerations." *Langdon* v. *Buchanan,* 62 N. H. 657, 660, and cases cited; *Graton &c Company* v. *Company,* 69 N. H. 177.

As to the pews in the church the master made a similar finding, but because of the provisions of chapter 332, section 21 of the Public Laws, felt obliged to rule that they were personal property. This conclusion was erroneous, because the statute does not apply to the present situation. The statute referred to provides that pews shall be deemed personal property and may be attached by leaving a copy of the writ and return with the town clerk. The pews therein referred to are not the physical structures in a church edifice, but an individual's right to the occupancy thereof. "It is a qualified ownership, subject to the superior title included in the ownership of the house." *First Presbyterian Society* v. *Bass*, 68 N. H. 333, 337. Other statutory provisions, relating to a levy thereon (P. L., c. 344, s. 11) and as to the sale and repair of meeting houses (*Ib.*, c. 233) confirm this view. Upon the master's finding of fact, the pews should be treated as real estate.

The balance of the property consisted of portable ecclesiastical and household furnishings. As to these the master found that they are "no more designed to be a part of the realty than a hoe which is useful on a farm," and ruled that they were personal property. This ruling was correct.

While this proceeding was pending, certain creditors of the original owner of the church brought suit against it and made the plaintiff trustee therein. By amendment to the bill the plaintiff set up an alleged liability under the trustee-process as a defence against the sheriff's claim to the attached chattels. It would seem to be self evident that the special title of the sheriff to the goods he held under attachment could not be interfered with in this way. His title is such that he can maintain trespass or trover against one who wrongfully interferes with his possession. For the purposes of this litigation he, and not the debtor he was proceeding against, was the rightful possessor of the goods. *Johnson* v. *Railway*, 44 N. H. 626, and cases cited. Such title as the debtor had was subject to the sheriff's rights, and those rights could not be defeated by a proceeding of this sort.

It follows that the order of the court approving the master's conclusions was correct, except as to the item of the pews in the church.

*Case discharged.*

WOODBURY, J., did not sit: the others concurred.