## Case No. 13,055.

### SMITH v. HAZEL.

[3 Cranch, C. C. 55.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

#### REPLEVIN—TITLE—MITIGATION OF DAMAGES.

In an action upon a replevin bond the defendant may, in mitigation of damages, give evidence of title in himself of the property replevied. Quære?

Debt on replevin bond [by William Smith against Zachariah Hazel]. The plaintiff in replevin was non-prossed, and the defendant had judgment for a return. The writ of retorno habendo was returned "elongata."

Mr. Wallach, for defendant Hazel, offered to give evidence, in mitigation of damages, that the property of the goods replevied was in him; and cited McDaniel v. Fish [Case No. 8,744], in this court, at December term, 1818, and Wilson v. Slye [unreported].

THE COURT, at first, thought that the evidence was not admissible, because it was matter of defence to the original suit, of which the plaintiff in that suit might have availed himself, but did not, and that the defendant could not give evidence that the plaintiff in this suit ought not to have had judgment in the replevin; but, upon reconsideration, permitted the defendant to give the evidence, reserving a right to the plaintiff to move for a new trial, on the ground of admitting improper evidence.

Verdict for the plaintiff, $200 damages.

---

## Case No. 13,056.

### SMITH v. HEISKELL.

[1 Cranch, C. C. 99.] [1]

Circuit Court, District of Columbia. Nov. Term, 1802.

#### FIXTURES—STOVES—VENDOR AND PURCHASER.

Franklin stoves fixed, in the usual manner with bricks and mortar, pass to the vendee of the house.

[Cited in Rahway Sav. Inst. v. Irving St. Baptist Church, 36 N. J. Eq. 62.]

Trover for Franklin stoves fixed in the fire-places of the house which the defendant purchased of the plaintiff. They were fixed in the usual manner with bricks and mortar. The jury found that when the plaintiff sold the house to the defendant, he expected to be paid for the stoves in addition to the price of the house. The cases cited were, Lawton v. Lawton, 3 Atk. 13; 2 Bac. Abr. (Gwillim's Ed.) 420.

Judgment for the defendant, it being a case between vendor and vendee.

---

## Case No. 13,057.

### SMITH v. HIGGINS.

Circuit Court, S. D. New York. 1856.

#### PATENTS—INFRINGEMENT—DAMAGES—THEORY OF

1. The general rule is, that the patentee or his assignee, in case of an infringement or appropriation of his invention by another without his license, is entitled to the actual damages he has sustained by reason of such infringement.

2. The theory or principle in respect to damages is, that a third person who adopts, appropriates, or uses the improvement of another, interferes with his custom, his monopoly, or, rather, property, and affects the benefits which he would otherwise be entitled to.

3. The rule excludes any exaggerated or vindictive damages which are sometimes allowed in cases of wilful trespass.

4. In order to constitute an infringement, it is not necessary that the arrangement and combination of the party charged with the infringement should be the same to the eye, or in point of fact. If they embody the ideas of the patentee, and the machinery of the defendant operates by such adoption and appropriation, then, though the arrangement may be apparently different, in reality and in judgment of law, an infringement exists.

[Cited in Law. Pat. Dig. 238, 369, to the points as stated above. Nowhere reported; opinion not now accessible.]