† BLETHEN *versus* TOWLE.

Certain things, personal in their nature, under some conditions partake of the realty, and the title to them passes by virtue of a levy on the house where they are used; such as a wooden cistern standing on blocks in the cellar, and in use; portable cupboards, when fastened to the walls, and air tight stoves standing in the place where they are used for warming the house.

But such stoves not standing in the place where they are used, but stowed away like other moveable property, at the time of the levy, do not pass under it.

ON REPORT from *Nisi Prius,* APPLETON, J., presiding.

TROVER, to recover the value of four air tight stoves, one

Blethen *v.* Towle.

cupboard, one cistern, one door bell, three sets of fire brasses and one door knob.

The plaintiff claimed title to this property by a levy on the house in which they were alleged to belong, as the property of defendant.

As to the door knob and fire brasses, the evidence failed to show that defendant took them away. One of the stoves belonged to a boarder in the house at the time of the levy. The other property embraced in the writ was removed by defendant.

At the time of the levy, one of the stoves was in its place in the parlor; the fire place was bricked up after the levy, leaving a place for a thimble, through which the pipe connected with the chimney, but how it was at the time, the evidence did not clearly show. The other stoves had been used in other rooms in the house, where the fire places had been closed up, but at that time, they were packed away in the chamber.

The cupboard was made and fitted into a recess, and fastened there by nails or screws.

The cistern was made of staves, fastened by iron hoops, setting upon blocks in the cellar, and filled by conductors from the outside of the house.

The Court were athorized to render judgment by nonsuit or default as the legal right of the parties might require, and if a default should be entered, to assess the damages upon the evidence.

*Blake,* for defendant, contended that as to the stoves packed away, there could be no pretence that they passed by the levy. As to the one in the parlor, it was in no way attached, it stood on legs, the pipe running through a thimble, removable at pleasure, like the others which had been taken away. The hearth and fire place were the fixtures intended in the building of the house.

As to the cistern, it stood on blocks, and in no way connected with the house; it was moveable as a washtub placed under the water spouts.

The cupboard was small and portable, and fastened with nails or screws like some timepieces, or pictures upon the walls, or a mirror put up with screws.

None of these things were real estate; all could be removed without injury to themselves or to the house. They were not essential to the beneficial use of the house, within the principle of *Farrar & al.* v. *Stackpole,* 6 Maine, 154.

He also distinguished this case from that of *Goddard* v. *Chase,* 7 Mass. 432, and of *Folsom* v. *Moore,* 19 Maine, 252.

The principle contended for in this case was sustained by *Gale* v. *Ward,* 14 Mass. 352; *Taffe* v. *Warwick,* 3 Blackf. 111; *Cresson* v. *Sterrit,* 17 Johns. 116; *Hovey* v. *Smith,* 1 Barb. 372; *Hunt* v. *Mullanphy,* 1 Miss. 508, & 3, p. 207; *Cross* v. *Marston,* 17 Verm. 533; *Wiltshear* v. *Cottrell,* 18 Eng. Law & Eq. 148.

*A. M. Robinson,* for plaintiff, maintained, there was no difference between a conveyance by extent and by deed as to the rules of construction. *Waterhouse* v. *Gibson,* 4 Greenl. 230. In the conveyance of a house, all that is incident or appurtenant goes with it. 4 Kent's Com. 467. A conduit conveying water to the lands sold, from another part of the lands of the grantor, will pass as being necessary or *quasi* appurtenant thereto. See same authority.

It is not the mere fixing or fastening which is regarded, but the use, nature and intention, which makes things personal pass as fixtures.

This principle has been often re-affirmed in this State. *Stockwell* v. *Marks,* 17 Maine, 455; *Snell* v. *Snell,* 28 Maine, 545; *Smith* v. *Goodwin,* 2 'Maine, 173. And this case seems to fall within the principle laid down in *Farrar & al.* v. *Stackpole,* commented on by the other side.

GOODENOW, J. — This is an action of trover, to recover damages for the alleged conversion of four stoves, one cupboard, one cistern, one door bell, three sets of fire brasses and one door knob, in July, 1853. The plaintiff proved

that in June, 1853, he leased the house, in which the above named articles had been placed and used, to one Amsden, who paid rent therefor; and that in the same month the defendant took down the cistern in the front part of the house, and put it in the L part.

It appeared in evidence that the defendant occupied the same house, prior to the occupation of it by the plaintiff, as his tenant.

The deposition of Josiah C. Towle was put into the case by the defendant. From this deposition, with the evidence as to occupation by the parties, we are authorized to infer that a levy was made upon this house or a part of it, by the plaintiff, as the property of the defendant, sometime previous to June, 1853. And the main question for our decision is, whether the articles above named became the property of the plaintiff by virtue of said levy.

As to the three sets of fire brasses, the door knob and door bell, we do not find sufficient evidence to justify us in coming to the conclusion, that they were converted by the defendant to his use. As to the stoves, one was owned by a boarder, and did not become the property of the plaintiff by the levy; two of the other stoves were not standing in their places for warming the rooms, at the time of the levy, but had been taken down and stowed away for the summer. We are of opinion that they should be regarded as personal property, belonging to the defendant. The other stove was standing in its place. The fireplace had been closed up by bricks, and the pipe went through a thimble. The witness Towle says, " I don't recollect whether the fireplace was bricked up in 1849, at the time of the levy, but it was bricked up at the time we left the house, about a year and a half *after* the levy." We are of opinion that this stove should be regarded as a part of the real estate, and by the levy became the property of the plaintiff, and that he is entitled to recover the value of the same in this action.

We are of opinion that the cistern, as described, was a part of the realty, and became the property of the plaintiff

by the levy, and that the cupboard was personal estate, and remained the property of the defendant.

Upon the whole evidence, we are of opinion that a default should be entered, and that the plaintiff should have judgment for *nine dollars damages* and legal costs.