R. G. WOODHAM *vs.* FIRST NATIONAL BANK OF CROOKSTON.

Submitted on briefs, Oct. 13, 1891.   Decided Jan. 18, 1892.

**Fixtures as between Mortgagor and Mortgagee.**—*Held* that, as between mortgagor and mortgagee, a "bar," fastened by nails and screws to the wall and floor of a building used by the mortgagor as a saloon, was a part of the realty, and passed by the mortgage.

Appeal by plaintiff from an order of the district court of Polk county, *Mills,* J., made December 6, 1890, refusing a new trial.

The action was replevin for a bar and back bar in the Canada Hotel, in Crookston, begun in justice court, where the plaintiff had judgment.   Defendant appealed to the district court on questions of

both law and fact. On the trial, December 6, 1890, after the evidence was all given, the judge instructed the jury to return a verdict for defendant. Plaintiff excepted, moved for a new trial, and then appealed.

*Wilkinson & O'Brien,* for appellant.

*A. A. Miller,* for respondent.

MITCHELL, J. A Mrs. Beaupre owned a lot and building which she and her husband used and occupied as an hotel and saloon. In the room used as a saloon was a bar consisting of a counter and "back bar," the one fastened to the floor, and the other to the wall of the building, by nails and screws. The Beaupres mortgaged the realty to one Bush. The mortgage was foreclosed, and the property bid in at the mortgage sale by Bush, who became the owner in fee, and subsequently conveyed to defendant. After Bush had acquired title under the foreclosure, Beaupre executed to plaintiff a bill of sale of all the furniture and saloon fixtures in the building. Plaintiff claims the bar under this bill of sale. The defendant claims it under his deed. The only question is whether, upon the above facts, the bar was, as between these parties or those under whom they claim, personal property, or a part of the realty, which passed by the mortgage from the Beaupres to Bush. The general rule as to fixtures between vendor and vendee, mortgagor and mortgagee, is that all annexations to the realty pass by the deed or mortgage, unless excepted in express terms from the conveyance. In view of the use to which the building was put, the accessory character of the bar to that use, and the fact that it was actually physically attached to the building, we have no doubt that it was, as between the mortgagor and mortgagee, a part of the realty, and passed by the mortgage. There is nothing in the point that the parties treated it as personal property. There is no material evidence to that effect. The only thing in the least tending to prove any such thing was an act on part of defendant's cashier in the nature of an admission, made long after all these transfers, which could not affect the property rights, already fixed, of either party.

Order affirmed.

(Opinion published 50 N. W. Rep. 1015.)