AUGUSTUS R. CAPEHART v. GEORGE E. FOSTER.[1]

May 15, 1895.

Nos. 9451—(140).

**Fixtures between Mortgagor and Mortgagee—Gas Fixtures.**
    As between mortgagor and mortgagee: *Held*, gas fixtures, consisting of chandeliers and burners, screwed to the ends of the gas pipes projecting from the walls and ceilings of the building, are not a part of the realty.

**Same—Steam Radiators.**
    But *held* this must be regarded as rather an arbitrary exception, established by the great weight of authority to the general rule, and does not apply to steam radiators, attached at the floor to steam pipes by being screwed to those pipes, and such radiators are a part of the realty.

**Same—Electric Annunciator.**
    *Held*, an electric annunciator attached to the wall, and to all the wires of the electric bell system of an hotel, is a part of the realty.

**Same—Office Desk.**
    An office desk, about 25 feet long, rested on a tile floor, between projections in the walls, to which it was fastened by means of screws. The

[1] Reported in 63 N. W. 257.

space behind the desk formed the hotel office. *Held*, such desk was a part of the realty.

Same—Counter.

*Held*, on the evidence, it was a question for the jury whether or not a certain cigar counter was a part of the realty.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., granting a motion for a new trial. Affirmed.

*Horton & Denegre*, for appellant.

*J. C. Michael*, for respondent.

CANTY, J.  Plaintiff was the owner of certain hotel property, which he mortgaged to defendant.  At the time the mortgage was made the hotel contained 268 gas fixtures, consisting of gas chandeliers and burners, 184 steam radiators, an office desk, 'a cigar counter, and an electric annunciator.  Defendant foreclosed his mortgage, purchased the .property at the foreclosure sale, and the time to redeem expired.  Plaintiff, being still in possession, threatened to remove all of these articles; whereupon defendant procured a temporary writ of injunction restraining him from doing so.  Defendant also obtained possession of the hotel by an action of forcible entry and detainer, and the action in which the injunction was issued was then dismissed by stipulation.  Thereafter plaintiff brought this action for damages for the conversion of said property. The jury returned a verdict for defendant, and on motion of plaintiff the court below granted a new trial.  From the order granting the same, defendant appeals.  The defendant claims that the articles in question are and always were a part of the realty, while plaintiff claims that they are and always were personal property.

1. During all of said time these gas fixtures were screwed to the ends of the gas pipes projecting from the walls and ceilings, and can be readily unscrewed.  It is held by the great weight of authority that, under such circumstances, such gas fixtures are not a part of the realty, even as between vendor and vendee or mortgagor and mortgagee; that they are merely a part of the furniture of the room,—a substitute for the lamps and lamp holders, candlesticks and chandeliers, formerly used to hold candles.  McKeage v. Hanover Ins. Co., 81 N. Y. 38; Jarechi v. Philharmonic Soc., 79 Pa. St. 403; Towne v. Fiske, 127 Mass. 125; Montague v.

Dent, 10 Rich. Law, 135; Rogers v. Crow, 40 Mo. 91; Ewell, Fixt. 299. While this doctrine is rather doubtful in principle, it is too well established as the law of the country generally to be now overturned.

2. The steam radiators were attached to the steam pipes at the floor on which they rested, by being screwed to those pipes. We are of the opinion that these radiators should be held to be a part of the realty. The distinction thus made between them and the gas fixtures is not clear in principle. But the rule applied to gas fixtures must be regarded as rather an arbitrary exception to the general rule, and should not be extended to such fixtures as radiators. These radiators were put in immediately after the building was erected. There is no reason for holding that the owner did not intend them to be permanently annexed to the steam plant, and therefore permanently annexed to the realty. He might remove or change them, and so might he remove or change the boiler or the furnace, which is also a part of the steam plant. Such radiators are an essential part of such plant, and are rarely furnished by tenants or temporary occupants of buildings as a part of the furniture brought with them or carried away with them, but the owner who furnishes the rest of such plant usually furnishes the radiators also. When, under ordinary circumstances, the owner of the building attaches such radiators to his steam plant, it should be held that he intended them to be permanently annexed to the realty. We are cited to National Bank v. North, 160 Pa. St. 303, 28 Atl. 694, which holds to the contrary. This case holds that such radiators are analogous to gas fixtures, and therefore not a part of the realty. By following the same process of reasoning by analogy you would strip a house of all modern improvements, and by continuing the process you would overturn the greater part of the law of fixtures. A correct rule should not, in this manner, be overturned by an inconsistent exception.

3. The electric annunciator was attached to the wall, and to all the wires of the electric call or electric bell system of the hotel. It also was a part of the realty.

4. The office desk is about 25 feet long, and is so placed that the ends fitted against projections in the wall in such a manner that the space behind the desk forms the hotel office. This desk rests

on the tile floor and is fastened to the wall at each end by means of a short piece of board, which is fastened to the wall and to the desk by means of screws.    We are of the opinion that this desk is a part of the realty.    Woodham v. First N. Bank, 48 Minn. 67, 50 N. W. 1015.

5. The evidence was somewhat conflicting as to whether the cigar counter was fastened to the floor, and as to whether it was specially designed for the hotel.    There was at one end of it a gate, which was attached to the wall, and swung against the cigar stand to which it attached itself by some sort of a latch or catch.    There was evidence tending to prove that it stood in a different part of the hotel lobby during a part of the time since the hotel was erected. We are of the opinion that, under these circumstances, it was a question for the jury whether or not this counter was a part of the realty.    The acts of the defendant were such as to make him guilty of conversion of those articles which were not a part of the realty. This disposes of all the questions in the case.    As to the gas fixtures, the verdict was contrary to law, and the order granting a new trial should be affirmed.

So ordered.