[No. 3181.  Decided February 27, 1899.]

PHILADELPHIA MORTGAGE AND TRUST COMPANY, *Appellant,* v. P. B. M. MILLER, *Respondent.*

FIXTURES—MANTELS, BATH TUBS AND WATER HEATERS—RIGHT OF REMOVAL AS AGAINST MORTGAGEE—REPLEVIN—EVIDENCE.

In an action by a mortgagee to replevin certain articles claimed as fixtures, which had been removed from the premises by the mortgagors, a declaration of homestead made by the mortgagors is inadmissible in evidence for the purpose of establishing their intention of attaching the articles to the premises as permanent fixtures.

In a controversy between a mortgagor and a mortgagee as to whether certain mantels and a porcelain bathtub and hot water boiler placed in the dwelling on the mortgaged premises were fixtures or not, evidence as to whether the house was or was not a finished house without such articles, and that the value of the premises was impaired by their removal, was immaterial and irrelevant.

The question of whether or not a particular piece of furniture is a fixture is a mixed one of law and fact, and, where the question has been determined by the jury under proper instructions, their verdict will not be disturbed, unless it is clear, as a matter of law, that the furniture or machinery was in fact a part of the realty.

Stock mantels carried by dealers as merchandise and made adaptive to any kind of a house; hot water heaters and bathtubs, all of which can be readily attached to, or detached from, the house without injuring the realty, are not fixtures, as between a mortgagor and a mortgagee.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge.  Affirmed.

*Smith & Cole,* for appellant.

*William C. Keith,* and *Preston, Carr & Gilman,* for respondent:

The question of intent and consequently the question whether a particular article is a fixture or not, is a mixed

question of law and fact, the determination of which must be left to the jury under proper instructions from the court. 9 Enc. Pl. & Pr. p. 17; *Scobell v. Block*, 31 N. Y. Supp. 975; *Traders' Bank v. First National Bank*, 50 Pac. 1098; *Ames v. Trenton Brewing Co.*, 38 Atl. 858; *Seeger v. Pettit*, 77 Pa. St. 437 (18 Am. Rep. 452); *National Bank v. North*, 28 Atl. 694.

In determining whether, in any particular case, an article is a fixture or personal property, the time, manner and purpose of annexation, the use to which the property is to be put, the relationship of the various parties, and, above all, the intention with which the property is attached, are elements which must be taken into consideration. *Washington National Bank v. Smith*, 15 Wash. 169; *Chase v. Tacoma Box Co.*, 11 Wash. 377; *Cherry v. Arthur*, 5 Wash. 787; *Ames v. Trenton Brewing Co.*, 38 Atl. 858; *Loan v. Gregg*, 55 Mo. App. 581; *McKeage v. Hanover Fire Ins. Co.*, 81 N. Y. 38 (37 Am. Rep. 471); *National Bank v. North*, 28 Atl. 694.

The opinion of the court was delivered by

DUNBAR, J.—The respondent borrowed $6,000 from appellant and secured payment of same by mortgage upon two lots in Seattle, on which was at the time a residence in which was domiciled respondent and family. At the time of the execution of the mortgage, there were in the residence four mantels. These mantels were of hard wood, the frames standing above the brick projection of the fireplace and extending down each side to the floor. They were about seven or eight feet high, consisting of a large center plate mirror and a series of small mirrors, brackets and shelves. Subsequent to the execution of the mortgage, there was also placed in the residence a porcelain bath tub standing on four legs and connected in the usual manner with the soil pipes. A hot water heater was

also connected with the building by the usual methods of plumbing. Appellant foreclosed its mortgage, and, upon the vacation of the premises by the respondent, he took from the house the mantels, the hot water boiler and the bath tub above described. The present action was brought to replevin the said mantels, bath tub and heater. The matter was submitted to a jury and a verdict was rendered in favor of the respondent. Judgment was entered, from which this appeal was taken. So that it will be seen that the question to determine here is whether or not these articles in dispute were fixtures or chattels.

There are three assignments of error: (1) That the court erred in refusing to allow the declaration of homestead to be admitted in evidence; (2) that the court erred in not permitting testimony as to whether said residence was a finished residence without said articles annexed to it, and whether the value of the premises as a residence was impaired by their removal; and (3) that the evidence did not sustain the verdict. Plaintiff offered in evidence a certified copy of the record of declaration of homestead made by Eva J. Miller, wife of the respondent, which instrument, it is alleged, was offered for the purpose of indicating the intention of the respondent and wife to make said premises their homestead and any fixtures attached thereto permanent fixtures. To this offer counsel for respondent objected and the objection was sustained. It seems to us that this evidence was incompetent and immaterial. There was no controversy over the fact that the house was built for the permanent residence of the respondent; and, if there had been, the fact of having filed a declaration of homestead would not tend to prove the intention with which the articles in controversy were affixed. The homestead declaration might have been filed at any time, and it might have been filed prior or subse-

quent to the affixing of the hot water boiler or bath tub to the building. We think that the evidence offered was absolutely immaterial and was properly refused. Neither was it material under the theory that the intention of the mortgagor must govern whether the residence was a finished residence, without these disputed articles being annexed to it or not. The condition of the house was testified to, and the jury, if it was material to determine the question of whether the house was or was not finished, must have determined that question from the testimony submitted. And the offer to prove that the value of the premises as a residence was impaired by their removal was equally immaterial and irrelevant, for it is self-evident that the house would be of less value after the furniture was taken out than it would be with the furniture, conceding that the furniture was worth anything, and that concession, or rather allegation of value, is made by the complaint. So that the only remaining question is as to the character of these pieces of furniture.

There is a wilderness of authority on this question of fixtures and a hopeless conflict of decision. We have examined the cases cited by the appellant which have been decided by this court, and are unable to conclude that they tend to sustain its contention; and other cases, as we have before indicated, are so conflicting that it would be profitless to undertake to review or harmonize them. The question of whether or not the particular piece of furniture or machinery is a chattel or fixture has been held by a majority of the courts to be a mixed question of law and fact. In this case the court instructed the jury. These instructions were not excepted to and must be presumed to have correctly stated the law; and, the jury having found the facts in favor of the respondent, we would be loth to disturb their findings, unless we were compelled to say that, as a matter of law, the property sued for was a part of the

realty. In investigating a question of this kind, we cannot shut our eyes to the many changes that have been wrought by time in the fashion and character of household furnishings. Anciently, mantels were uniformly built as a part of the house, and therefore became a fixture to the realty. The house was built with reference to the mantel and the mantel with reference to the house. It was a part of the plans and specifications of the house, and could not have been removed without materially affecting, not only the appearance, but the real usefulness, of the house. But advancing mechanical science and taste have evolved an altogether differently constructed mantel, and mantels such as are described by the testimony in this case are now constructed without reference to any particular house or particular fireplace. They are what are called "stock" mantels, and are sold separately and made adaptive to any kind of a house. They are, in fact, as much a separate article of merchandise as a bedstead or a table. So that, regarding the changed conditions in this respect, the rules of law must be changed and adapted to the changed character of the furniture. A few years ago, sideboards were constructed in, and were made a part of, the house, and were, of necessity, fixtures; while now they are ordinarily separate pieces of furniture and, by common consent, are moved from one house to another. The same advancement has been made in bath tubs. The old-fashioned bath tub, that was sealed in and actually made a part of the bath room, has largely given place to the more convenient bath tub, that rests upon legs and can be attached to any heating system that happens to prevail in the house where it is used. And so with heaters or boilers. In this instance the boiler is in no way attached to the building, excepting by its plumbing connections. It could be detached without in any way injuring the realty; and we see no reason why it should be considered a fixture any more than the ordi-

nary stove which is connected by pipes to the boiler and to the plumbing system generally. One could be as easily detached as the other, and yet we think it has never been held by any court, or contended by any one, that a stove, though connected by pipes to the plumbing system, was a fixture which could not be removed. In this instance the testimony was to the effect that these articles were not placed in the building at the time of its erection and completion, nor for a long time thereafter; that the mantels were not contemplated in the plans or drawings for the erection of the premises, nor included in the specifications under which said building was afterwards completed; nor was there any provision made for the reception in said building of said articles. The testimony shows that the building back of the mantels, or that portion of it which was concealed by the mantels, was plastered and kalsomined; that for about three years the mantels were not fastened to the wall in any way, but supported themselves in the position they occupied, and that, after that time, they were fastened to the wall by screws to render them more stable and keep them from toppling. The boiler and bath tub were not placed in the building for several years after the mortgage was given.

The question of fact having been submitted to the jury under proper instructions, and a verdict having been rendered in favor of the respondent, the judgment will be affirmed.

GORDON, C. J., and ANDERS, REAVIS and FULLERTON, JJ., concur.