[No. 3458.   Decided March 30, 1900.]

M. V. HALL, *Respondent,* v. LAW GUARANTEE AND TRUST SOCIETY, LIMITED, *Appellant.*

FIXTURES.

Gas and electric light fixtures and globes, a windmill, a hot water tank, curtains, window and door screens, when attached to a house, are not fixtures as between a mortgagor and a mortgagee.

20—22 WASH.

REPLEVIN—VERDICT.

In an action for the recovery of specific personal property, a verdict of the jury that they find for the plaintiff, that she is the owner of the property mentioned in the complaint, and that the value of said property is the sum of $330, is equivalent to the requirements of Bal. Code, § 5020, which provides in such cases that, "if the property has not been delivered to the plaintiff, the jury shall assess the value of the property if their verdict be in favor of the plaintiff"; and such verdict will justify a recital in the judgment thereon, that the jury found that the plaintiff was entitled to the possession and return of the property.

SAME—COMPLAINT—MOTION TO MAKE MORE DEFINITE.

In an action of replevin, for the recovery of various articles alleged to be the property of the plaintiff, it is error to deny a motion of the defendant that the complaint be made more definite and certain, by setting forth the itemized value of each article sought to be replevied.

SAME—JUDGMENT.

Under Bal. Code, § 5118, which provides that in an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or value thereof in case a delivery cannot be had, and damages for the detention, a judgment is erroneous which decrees that "plaintiff do have and recover of and from the defendant the sum of $330," as though the action were one in trover for the conversion of the property, instead of in replevin for the recovery of the property, or its value only in case it could not be returned.

Appeal from Superior Court, King County. — Hon. ORANGE JACOBS, Judge. Reversed.

*Greene & Griffiths,* for appellant.

*Martin, Joslin & Griffin,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action in replevin to recover certain personal property described in the complaint, or to recover the value thereof. The complaint was the ordinary complaint in replevin. The answer was a general denial. The property sought to be replevied was 30 curtains, 10

window screens, 2 screen doors, 1 table or sideboard, 1 hot water tank, 1 wind mill, 25 globes for electric and gas lights, and 25 gas and electric light fixtures. The value of all the property was alleged to be $350. The verdict was as follows:

"We, the jury in the above entitled cause, do find for the plaintiff, and that said plaintiff is the owner of the property mentioned in the complaint and that the value of said property is the sum of $330."

The judgment, after reciting certain facts, concludes as follows:

"It is therefore ordered, considered, and decreed that the plaintiff do have and recover of and from the defendant the sum of three hundred and thirty dollars, together with interest thereon from the 21st day of April, A. D. 1899, together with her costs and disbursements in this action."

A great many errors are alleged, the most of which allegations, we think, are without merit. We think no errors were committed in the admission or rejection of testimony. On the main proposition, as to whether the property sued for was property which followed the realty, it is hardly worth while to discuss the many cases cited by appellant; for, under the decision of this court in *Philadelphia Mortgage & Trust Co. v. Miller,* 20 Wash. 607 (56 Pac. 382, 72 Am. St. Rep. 138), and in accordance with modern authority generally, it is clear that the property sued for here was in no way affected by the mortgage; and the mortgage so tenaciously sought to be introduced in evidence, notwithstanding the admission of the respondent that the premises had been sold under the mortgage and that the exemption period had expired, did not affect the character of the property in the least. We also think the demand upon a qualified agent of the appellant—if, indeed, a demand was necessary—was amply proven. The verdict, too, in our judgment, is in conformity with the

requirements of the statute; and we think the recital in the judgment, that the jury found that the plaintiff was entitled to the possession and return of the property, was justified by the verdict, although not expressed in so many words. The statement of the jury that they found for the plaintiff under the allegations of the complaint is equivalent, although it is not the requirement of § 5020, Bal. Code, as contended by the appellant, that the jury shall find who is entitled to the possession of the property. The section is as follows:

"In an action for the recovery of specific personal property, if the property has not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property if their verdict be in favor of the plaintiff; or if they find in favor of the defendant, and that he is entitled to a return thereof, they may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property."

It will be seen that the only requirement made of the jury, when they find in favor of the plaintiff, and the property has not been returned to the plaintiff, is to assess the value of the property. But, if they find in favor of the defendant when the possession of the property has been taken from him, they find that he is entitled to a return thereof. Neither would we disturb the verdict of the jury on the question of the value of the property, under the testimony as shown by the record.

But we see no reason why the request of the defendant that the complaint be made more definite and certain, by setting forth the itemized value of each article sought to be replevied, should not have been granted. It was a reasonable request, and ought to have been granted. The defendant might have desired to test the value placed on some

articles, and admit the value placed on others, or he might have desired to proffer the possession of certain articles and contest the right to the possession of others; and many other reasons might be suggested in a case of this kind why the complaint should be itemized, as asked for. It is stated in respondent's brief, in reply to this contention, that at least there was no prejudicial error in the refusal, for the reason that the court, upon overruling the motion to make more definite and certain, required the plaintiff to furnish the defendant with a bill of particulars. It certainly would have been competent for the court to have treated the motion as a request for a bill of particulars. But the statement that the court made the requirement of the plaintiff as above asserted is plainly denied by appellant in his reply brief, and the record fails to show any such transaction.

In addition to this, the judgment is not such as is contemplated by law. Section 5118, Bal. Code, provides that, in an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or value thereof in case a delivery cannot be had, and damages for the detention. The principal purpose of the statute is to secure the recovery of the personal property, and it is only upon the happening of the contingency that the property cannot be recovered that the successful litigant is entitled to the value of the property. The judgment in this case, as we have seen, is a plain money judgment, which would properly have followed a successful action of trover. We do not think that the finding that the plaintiff was entitled to possession would aid the judgment. It must first appear that possession cannot be returned or obtained. Sections 5193-5195 specify the manner of enforcing judgments and strengthen the construction given to § 5118. It is insisted, however, by the respondent, that inasmuch as the evidence shows that the property cannot be returned, and inasmuch as the appellant refused to re-

turn the property, but claimed to own the same, this claim and refusal constituted a conversion, and therefore the respondent was entitled to an, independent verdict for the value. But this contention, we think, is not logical. This is a straight action of replevin. Every allegation of the complaint shows it to be such. It is in no sense an action for conversion. The plaintiff elected when she brought her action, and she elected the action in replevin, and it cannot be metamorphosed into an action of trover by the testimony adduced at the trial. The execution will determine whether the property can be returned. It is also claimed in respondent's brief that inasmuch as the appellant positively refused to make any return of any of the property whatever, but claimed to own the same, such action constituted a conversion, and that respondent was therefore entitled to a judgment for the amount assessed by the jury. If this were true, a complaint in replevin would always result in a judgment for conversion; for the action in replevin is brought only when the return of the property is refused, and either the ownership or right of possession is always included in such an action. But, even if such claim on the part of the respondent did constitute conversion, the plaintiff should have brought his action for conversion. For a review of the law on this proposition see *Dow v. Dempsey,* 21 Wash. 86 (57 Pac. 355).

The judgment is reversed, with instructions to grant a new trial and to sustain defendant's motion to make the complaint more definite and certain in the particulars mentioned in the motion.

GORDON, C. J., and REAVIS and FULLERTON, JJ., concur.