ELY WEST v. FARMERS' MUTUAL INSURANCE COMPANY, Appellant.

Fixtures: INSURANCE: *Furnace.* A furnace weighing about 1,500 pounds, and standing in a cellar on a brick foundation specially prepared for it, and put in under a contract that it should be satisfactory, and appearing to be so, was a part of the realty, notwithstanding that it could have been disconnected from the pipes or flues and removed without injury to the building, by taking it to pieces and removing the sections, it being apparent that the owner's intention was to make it a part of the building; and accordingly it was covered by a provision of a fire policy insuring the house, and not by a provision insuring its contents.

*Water boiler.* A boiler attached to pipes which conveyed hot water to several rooms in the house, its contents being heated by the kitchen range, but it being itself no part of the range, and being supplied from a tank in the attic, was a part of the realty, and covered by the provision in the policy insuring the house.

Tender: *No right to demand receipt in full.* Code 1873, section 3063, providing that a person making a tender may demand a receipt for the money tendered, does not authorize him to demand a receipt in full, but merely a receipt for the money

tendered; and if he demands a receipt in full, and is refused, his tender is bad, and will not relieve him from liability for interest.

DEPOSIT IN COURT: *Suit tried in equity by agreement.* A tender in an action, in form one at law, but tried, by agreement, in equity, should be accompanied by a deposit in court.

*Appeal from Linn District Court.*—HON. H. M. REMLEY, Judge.

WEDNESDAY, MAY 21, 1902.

ACTION, tried as in equity, to recover on a policy of fire insurance. From the judgment rendered, both parties appeal. Defendant will be denominated the "appellant," having first perfected its appeal.—*Modified.*

*Jamison & Smyth* for appellant.

*C. W. Kepler* for appellee.

WATERMAN, J.—Just what right this cause has on the equity calendar, we do not see; for, while defendant was an assessment company, funds had been secured from its members to pay this loss before action brought, and, although the claim made was for a larger amount, the prayer of the petition was for a money judgment only. But the parties agree as to its character, and we shall treat it as they have done.

Plaintiff's house was insured for $1,500 and "its contents" for $600. There was a total loss, which was adjusted by defendant allowing $1,500 for loss on the house, and $303 on contents. In the house was a furnace and a boiler, for supplying different rooms with hot water. In making the adjustment, these were figured as a part of the house by defendant, while plaintiff claims they were chattels, and should have been estimated among the contents. This is the

issue presented. The trial court allowed plaintiff on his loss the sum of $1,885.84, which apparently was arrived at by adding to the amount of the adjustment the sum claimed for the boiler, $25, and interest thereon to the date of judgment. When we have stated, in addition to what has been said, that defendant claims to have tendered plaintiff the sum of $1,803 on July 7, 1900, the ground of the two appeals will be apparent. Plaintiff seeks to have the furnace, valued at $200, included with the personal property; and defendant is endeavoring to have the boiler declared a part of the building, and also to escape liability for interest. It would be profitless to enter into a general discussion of the doctrine of fixtures, in the various relations which give rise to disputes on the subject of what articles are and are not comprehended in the term. It is enough to determine whether the two articles in dispute were fixtures as between the parties to this controversy. The furnace weighed about 1,500 pounds, and stood in the cellar, upon a brick foundation specially prepared for it. It could be disconnected from the pipes or flues and removed, without any injury to the building, by taking it to pieces and removing the sections. It was put in under a contract with the seller that it should be satisfactory, and, so far as appears, it was so. If satisfactory, there was no intention on the part of plaintiff to remove or disturb it. The boiler was attached to pipes which conveyed hot water to several rooms. Its contents were heated from the kitchen range, but it was no part of the range. It was supplied from a tank in the attic. This is a sufficient description of the two articles in dispute. Turning now to the cases, we find that, as between vendor and vendee, a Franklin stove, set into a fireplace, with brickwork, has been held a part of the realty. *Smith v. Heiskell*, 1 Cranch, C. C. 99 (Fed. Cas. No. 13,056); *Folson v. Moore*, 19 Me. 252;

*Blethen v. Towle*, 40 Me. 310. And, also, as to an execution creditor. *Goddard v. Chase*, 7 Mass. 432. Likewise as between heir and administrator. *Tuttle v. Robinson*, 33 N. H. 104. So, also, with a furnace like the one in this case, in favor of a mechanic's lien claimant. *Stockwell v. Campbell*, 39 Conn. 362 (12 Am. Rep. 393); *Thielman v. Carr*, 75 Ill. 385. With relation to the boiler, it may be said that it is but an enlargement of the hot-water pipe, and such pipes are universally held to be fixtures. In Ostrander, Insurance, p. 435, the author, in speaking of the appurtenances which will be considered as parts of a building under an insurance contract, specifies a furnace or boiler, radiators, and piping, gas and water fixtures, bath-room equipments, and the "more permanent appliances of the laundry and kitchen." Mr. Warvelle, also, in his work on vendors (section 10), enumerates as fixtures, and therefore which would pass by deed, gas pipes and fittings, boilers, tanks, and hot-air furnaces, and, generally, "anything which the vendor has annexed to the building for the mere convenient use and improvement of the property." In *Capehart v. Foster*, 61 Minn. 132 (63 N. W. Rep. 257, 52 Am. St. Rep. 582), it is decided that the radiators of a steam-heating apparatus are parts of the realty, and in that case it is said, speaking of the holdings, that gas fixtures are chattels. "But the rule as applied to gas fixtures must be regarded as rather an arbitrary exception to the general rule, and should not be extended." The case of *Philadelphia Mortg. & Trust Co. v. Miller*, 20 Wash. 607 (56 Pac. Rep. 382,, 44 L. R. A. 559, 72 Am. St. Rep. 138), in which it is held that a hot-water heater and a bath tub standing on legs, both attached to the plumbing, and mantels fastened to the wall with screws, are not parts of the building, but are removable, as against a mortgagee, goes too far to commend itself to our favorable consideration. In many instances those

cases which at first reading may seem to be in direct conflict with the authorities first cited will be found to rest the solution of the question upon the intent of the owner. *Turner v. Wentworth*, 119 Mass. 459; *Towne v. Fiske*, 127 Mass. 125 (34 Am. Rep. 353); *Allen v. Mooney*, 130 Mass. 155; *Rathway Sav. Inst. v. Irving St. Baptist Church*, 36 N. J. Eq. 61. See, also, *Manwaring v. Jenison*, 61 Mich. 117 (27 N. W. Rep. 899). We believe the true rule is that the question must be solved by the intention of the parties, and we look now to plaintiff's intent in this case. He was improving his house by putting in this furnace and attaching the hot-water boiler. While they could be moved without injury to the building, so, also, the building itself could be moved without injury. Both articles were fixed in particular places, and connected with permanent pipes or flues. Plaintiff, manifestly, had no thought of removing either of them. They were not easily detachable. Indeed, we are disposed to think only a craftsman could move them. Under all the circumstances, we believe the articles were fixtures, and, as such, a part of the building in which they were situated. The rule we announce is in accord with previous holdings of this court. See *Thompson v. Smith*, 111 Iowa, 718; *Woolen Mills Co. v. Hawley*, 44 Iowa, 57; *Johnson v. Mosher*, 82 Iowa, 29. The burden of showing the intention of the owner is doubtless on the defendant in this case, but that burden may be sustained by circumstances, and it is so here. Both the furnace and the hot-water boiler should have been held a part of the building.

II. This brings us to the matter of tender, through which defendant claims it is relieved from liability for interest. As we find the facts, defendant was indebted to plaintiff in the sum of $1,803. The trial court was justified in concluding that this amount was offered

plaintiff on July 7, 1900, but that the offer was coupled with a demand for a receipt in full for any claim against defendant on account of the loss. A tender at common law, to be valid, had to be unconditional. No requirement could be attached that a receipt in full for all demands be given. 2 Parsons Contracts, 155. It is thought by defendant that this rule is altered by section 3063, which provides that the person making a tender may demand a receipt. Clearly this means a receipt for the money or property offered, and nothing more. Section 2106, Code 1873, contained the same provision as to the right of the person making tender to a receipt; and under it this court held that a receipt in full, which is a release from all demands on the same account, could not be required. *Kuhns v. Railroad Co.*, 65 Iowa, 528. Aside from this, the tender has not been kept good by a deposit of the money in court. *Shugart v. Pattee*, 37 Iowa, 425. It is true the rule in equity does not require the deposit of the money on the filing of answer; but while this action was tried by agreement in equity it was not an equitable action in form and we cannot perceive why all the incidents of a law action did not attach to it. The agreement as to trial waived nothing but the form of trial, and its resulting consequences as to the method of hearing in this court. The tender was not good. Plaintiff is entitled to recover $1,803, with interest at 6 per cent. thereon from the date when the loss was payable. In view of the result reached, plaintiff should pay one-third the costs of the appeal.

With this modification, the decree of the trial court is AFFIRMED.