[No. 8993.    Department Two.    February 2, 1911.]

AMERICAN RADIATOR COMPANY, *Respondent*, v. FRANK R. PENDLETON *et al.*, *Appellants.*[1]

MECHANICS' LIENS—FIXTURES—HEATING PLANT.  A boiler, radiators, and other appliances, attached to a hot water heating system, furnished with pipes etc. under a building contract, are fixtures and subject to a mechanics' lien as part of the building, although they could be detached without damage, it being conceded that the pipes were fixtures and that some of the articles were designed for use in the particular building.

Appeal from a judgment of the superior court for Snohomish county, Hardin, J., entered February 19, 1910, upon findings in favor of the plaintiff, in an action to foreclose a mechanics' lien.  Affirmed.

*Cooley & Horan* and *R. Mulvihill*, for appellants.

*Warren H. Lewis* and *William Levine*, for respondent.

CROW, J.—Action by American Radiator Company, a corporation, to foreclose a materialman's lien.  From a decree in its favor, the defendants have appealed.

[1]Reported in 112 Pac. 1117.

The controlling question before us is whether the materials became fixtures and a part of the realty, or whether after installation they were personal property. The evidence shows that the appellants Ira B. Pendleton and Janet Pendleton, his wife, were building a new dwelling house on three lots, in the city of Everett; that the plans and specifications prepared by their architect called for a hot-water heating plant, and a boiler, radiators, and other equipment to be connected therewith; that a distributing system of pipes was built into the house; that through the appellant Peter W. Barton, their agent, they ordered and respondent furnished a boiler, a number of radiators, and other appliances to be attached to the distributing system; that the materials thus furnished were attached by couplings and connecting devices, in such a manner as to permit their removal without damage to the building or the pipes; and that a number of the radiators were of peculiar construction, being designed for use in certain designated locations when installed.

Appellants insist that the boiler, radiators, and other appliances did not become fixtures; that they could be removed without damage to the building; and that they continued to be personal property, for which respondent was not entitled to claim or foreclose a lien on the building. There is no issue as to the form or sufficiency of the lien notice, the amount due, or the sales made. If the materials became fixtures, a part of the building, and were used in its construction, then respondent was entitled to a lien. Rem. & Bal. Code, § 1129.

In *Filley v. Christopher*, 39 Wash. 22, 80 Pac. 834, 109 Am. St. 853, we said:

"Little could be gained by a review of the authorities as to what constitutes a fixture. As said by this court in *Philadelphia Mtg. & Trust Co. v. Miller*, 20 Wash. 607, 56 Pac. 382, 72 Am. St. 138, 44 L. R. A. 559. 'There is a wilderness of authority on this question of fixtures, and a hopeless conflict of decision.' The true criterion of a fixture is the united applica-

tion of these requisites: (1) Actual annexation to the realty, or something appurtenant thereto; (2) application to the use or purpose to which that part of the realty with which it is connected is appropriated; and (3) the intention of the party making the annexation to make a permanent accession to the freehold. Within this rule, we are of opinion that all, or nearly all, of the articles above referred to are fixtures, and a part of the realty. Nearly all the authorities concur in holding that a furnace and boiler, together with the radiators and piping connected therewith, such as are above described, constitute a part of the realty. *Thielman v. Carr*, 75 Ill. 385; *Folsom v. Moore*, 19 Me. 252; *Main v. Schwartzwaelder*, 4 E. D. Smith (N. Y.) 273; *Raddin v. Arnold*, 116 Mass. 270; *Hopewell Mills v. Taunton Sav. Bank*, 150 Mass. 519, 23 N. E. 327, 15 Am. St. 235, 6 L. R. A. 249; *Goodin v. Elleardsville Hall Ass'n*, 5 Mo. App. 289; *Capehart v. Foster*, 61 Minn. 132, 63 N. W. 257, 52 Am. St. 582; *Woodham v. First Nat. Bank*, 48 Minn. 67, 50 N. W. 1015, 31 Am. St. 622. These views are not inconsistent with the decision in *Philadelphia Mtg. & Trust Co. v. Miller, supra.* In that case the boiler was in no manner attached to the building except by its plumbing connections."

Appellants were constructing a new building with heating plant and appliances as a part thereof. Their plans and specifications called for the boiler, the radiators, and all other appliances furnished by respondent. Although such appliances could after their connection be separated and removed without damage to the building, we do not think they were installed by appellants with any such purpose in view, or with any intention that they were to be considered as personal property should appellants subsequently decide to vacate or to sell the premises. Appellants' intention must be deduced from their actions in erecting the building and installing the heating apparatus, in pursuance of the plans and specifications so prepared by their architect. The contractor was required to install the entire heating plant as a complete job. Appellants concede that the distributing pipes became a part of the realty. There is no evidence of any action or declaration on appellants' part indicating their

intention that the boiler, radiators, and other appliances furnished by respondent should not become permanent fixtures, nor is there any circumstance from which we can infer their intention to remove them as personalty at any time thereafter, and not permit them to remain a part of the freehold. It was shown that the materials were furnished; that they were installed in the manner above stated; that they were required by the specifications; and that a portion of them at least were designed for use in this particular building. In view of these facts and circumstances, we conclude that they became fixtures, and that the judgment of the superior court should be affirmed. It is so ordered.

DUNBAR, C. J., RUDKIN, CHADWICK, and MORRIS, JJ., concur.