Argued April 6, affirmed April 24, rehearing denied May 29, 1917.

# JOHNSON *v.* PACIFIC LAND CO.

(164 Pac. 564.)

**Fixtures—Removal of Fixtures—Recovery by Mortgagee.**

1. A mortgagee, whose mortgage is not due, but who is in lawful possession, to recover fixtures from one who has removed them, need not show the security is not ample, or will become so.

**Fixtures—Subjection to Mortgage.**

2. Fixtures attached by the owner of realty, though after the giving of a mortgage, become subject to the mortgage.

**Fixtures—Water System.**

3. Articles which enhance the comfort of a home, such as parts of a water system, are as a rule considered fixtures, when attached in the usual manner.

**Fixtures—Tests in Determination.**

4. In determining whether an article used in connection with realty is a fixture, the general tests are annexation, adaptation to use, where and as annexed, and intention to make the annexation permanent, this intention being inferred from the nature of the article, the relation of the party annexing, the policy of the law in relation thereto, the structure and mode of annexation, and the purpose and use for which it is made; the first two tests, of which the second is entitled to the greater weight, being part of and evidence of the third.

[As to tests for determining what are fixtures, see note in 105 Am. St. Rep. 646.

From Hood River: WILLIAM L. BRADSHAW, Judge.

Action by John R. Johnson against the Pacific Land Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Department 2. Statement by MR. JUSTICE BEAN.

This is an action for the possession of personal property. The cause was tried before a jury and a verdict rendered in favor of plaintiff. From a consequent judgment defendant appeals.

In 1911 plaintiff was the owner of certain real property described in the complaint consisting of a tract of land with a modern dwelling-house valued at $3,500,

and an orchard situated thereon, in Hood River County, Oregon. During that year plaintiff sold the same to one Ricord who executed to him a purchase money mortgage for $10,500. Ricord subsequently conveyed the real property to one Vreeland who in turn sold the same to A. Welch who conveyed to this defendant. In each instance the grantee assumed and agreed to pay the mortgage which is not yet due and has not been foreclosed. In March, 1915, this defendant abandoned the premises and the plaintiff took possession thereof under his mortgage. In 1914, Welch who was then the holder of the record title to the premises installed thereon a water system of which the personal property in question was a part. A well was dug, tiling inserted in it, and a platform laid on the top of the same. A motor and pump were installed for forcing the water through attached pipes to a 295-gallon tank placed on wooden sills on the ground in the basement of the house, and thence through water pipes in the dwelling-house by means of electric power. Early in the spring of 1915, defendant caused the pump, motor and tank to be disconnected from the pipes and removed from the premises. Plaintiff brought this action claiming a special ownership in the personal property by virtue of his mortgage.

Defendant denied plaintiff's right and affirmatively alleged that the personal property was owned by A. Welch. It was admitted that plaintiff was in the rightful possession of the property as mortgagee.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief over the names of *Mr. Claude M. Johns* and *Mr. Charles A. Johns,* with an oral argument by *Mr. Claude M. Johns.*

For respondent there was a brief and an oral argument by *Mr. Ernest C. Smith.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The question for determination is whether the water system installed on the premises became a part of the realty. It was the contention of the defendant that a mortgagee in possession suing for damages on account of the removal of fixtures must show the impairment of his security; and that the complaint is insufficient in this respect. However, a mortgagee left in possession of real property for the purpose of preserving the security and holding it together until it shall be applied to the indebtedness, who is not foreclosing and whose mortgage is not yet due, need not show that his security is or will not be ample at some distant date before he can take and replace fixtures which were a part of the realty subject to a lien of the mortgage. It is only reasonable that the plaintiff has the right to do anything necessary to keep his security intact. The value of these premises and the adequacy of the security is not a fixed quantity but is something which fluctuates with market values. It would be impossible to say that the security will or will not be adequate at some distant date when the mortgage comes due and is foreclosed: *Caro* v. *Wollenberg,* 68 Or. 420 (136 Pac. 866) ; *Buck* v. *Payne,* 52 Miss. 271, 279; 27 Cyc. 1248; 34 Cyc. 1390. As stated in 20 Am. & Eng. Enc. of Law, p. 1016, where the mortgagee is in possession lawfully, or though not in possession has the right to possession, he may bring an action of trespass as though the title were vested in him unconditionally: 1 Jones on Mortgages (4 ed.), § 707; *Jersey City* v. *Kiernan,* 50 N. J. L. 246, 252 (13 Atl. 170).

At the close of the testimony counsel for defendant requested the court to direct a verdict in its favor. There was evidence tending to show, first, that the water system was permanently annexed to the realty; second, that it was especially adapted to the purpose of the property as a residence to which it was attached, and was connected with a view to the purposes for which the realty is naturally and usually employed; and third, that from the nature of the water system affixed, the relation and situation of the owner making the annexation, the whole situation and mode of the connection, the purpose for which the annexation was evidently made, and taking into consideration all the facts and circumstances disclosed by the testimony, the jury could fairly infer that the party making the annexation did so with a view to making the water system a part of the real property. There was nothing to indicate that the system was adjusted for a temporary purpose. There was, therefore, no error in the refusal of the trial court to direct the jury to find a verdict in favor of defendant.

The trial court fully explained the issues raised by the pleadings and over the objections and exceptions of counsel for defendant charged the jury as follows:

"Plaintiff claims said personal property because it became a fixture to and a part of the land covered by his mortgage. You are instructed that a fixture is any article or thing which was personal property, but which by being physically annexed or affixed to real property, becomes accessory to the real property and a part and parcel of it. Personal property may therefore be thus transformed into real property."

"When personal property is attached in a permanent manner to real property and adapted to be used with that part of the real property to which it is attached, then it becomes a fixture and a part of the real estate, a part of the land itself."

"In using the term 'permanently attached' in this contention, it is not meant that the personal property shall be so attached as to make its removal impossible or even difficult, but any personal property which is placed upon and attached to real property, which is used as a part of the real property, and which is suitable for and adapted to such a continued use, in such a position and manner, then it is regarded by the law as being permanently attached."

"Articles of personal property annexed by the owner to land which is subject to a mortgage, becomes subject to the mortgage and cannot be removed without the consent of the holder of the mortgage. This is true whether such annexation was before or after the execution of the mortgage."

Counsel for defendant also asked the court to charge the jury that the intention of the party placing machinery in a building is the sole criterion as to whether it becomes a permanent fixture and a part of the realty, and thus bring it under the mortgage lien; and that the permanency of the installation of such machinery was not to be considered.

2, 3. A fixture is an article or thing which was personal property but which, by being physically annexed or affixed to real property, becomes accessory to the real property and part and parcel of it: 13 Am. & Eng. Enc. Law, 596. Fixtures attached by an owner to land subject to a mortgage come under the lien of the mortgage and cannot be removed without the consent of the mortgagee. This is true whether annexation was before or after the execution of the mortgage: 13 Am. & Eng. Enc. Law, 670, and notes; 19 Cyc. 1061E; 1 Jones on Mortgages (4 ed.), § 436. Articles which enhance the comfort of a home such as water-pipes, water-tanks, cisterns, etc., are as a rule considered fixtures when attached in the usual manner: 19 Cyc. 1062; 13 Am. & Eng. Enc. Law, 666; *Cole* v. *Roach,* 37 Tex.

413; *Blethen* v. *Towle,* 40 Me. 310; *Philbrick* v. *Ewing,* 97 Mass. 133.

4. In determining the question of whether an article used in connection with realty is to be considered a fixture the general tests are, first, the annexation to the realty, second, adaptation to use, where, and as annexed, and third, the intention to make the annexation permanent, this intention being inferred from the nature of the article, the relation of the party annexing, the policy of the law in relation thereto, the structure and mode of annexation, and the purpose and use for which it is made: *Helm* v. *Gilroy,* 20 Or. 517 (26 Pac. 851); *Bay City Land Co.* v. *Craig,* 72 Or. 44 (143 Pac. 911); 19 Cyc. 1039. The application of these tests does not establish definite criteria, but leaves each case to be determined not only by the circumstances and nature of the annexation and the uses to which the property is put, but also on the relations of the parties.

The first of the tests—that is, annexation to the realty, either actual or constructive, is generally held to be uncertain and unsatisfactory, the tendency being to accord less and less significance thereto. There must of course be actual or constructive annexation, but regard must be had to the object, the effect, and the mode of annexation, and physical annexation is not alone sufficient. The extent and mode of actual annexation have but little weight except in so far as it relates to the nature of the article itself, the use to which the same is applied, and other circumstances as indicating the intention of the party making the annexation. But it is usually conclusive that a chattel has become part of the realty when it has been so affixed as to be incapable of severance without injury to the freehold: 11 R. C. L., pp. 1059, et seq.

The second test, to wit, adaptation or application to the use or purpose of that part of the property with which it is connected, is generally considered as entitled to much weight, especially in connection with the criterion of intention. The tendency is to regard everything as a fixture which has been attached to realty with a view to the purposes for which the realty is held or employed, however slight or temporary the connection between them: R. C. L., § 5, pp. 1061, 1062.

The third test, the intention of the party making the annexation, has been said by some of the authorities to be a controlling consideration, and generally it is held to be the chief test. To have this effect, the intention to make an article a permanent accession to the realty must affirmatively and plainly appear. The test of intention is to be given a broad and comprehensive signification. It does not merely imply the secret action of the mind of the owner of the property, nor need it be expressed in words. It is to be inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made; which, obviously, suggests that the other tests are really part of this comprehensive test of intention, and that they derive their chief value as conspicuous evidence of such intention: 11 R. C. L., p. 1062, § 6. The controlling intention * * is the intention which the law deduces from all of the circumstances of the annexation: 19 Cyc. 1046.

As we understand the instructions of the trial court, while not using the exact language adopted by the text-writers, the substance of the law was given to the jury in the charge. The jury passed upon the facts. It was not a very violent conclusion for the jury to find that

the removal of a large part of the water system, namely, the motor, pump and tank from the heart thereof, which system connected a well with the dwelling-house for the convenience of the occupant of the house, was an injury to the freehold.

Counsel for defendant argues that the chattel was not injured by the removal. That may be true, but how about the real estate that was left behind? The jury found that that was denuded and injured.

The question in the present case is between the mortgagor and mortgagee and the rules which apply when there are intervening equities of third parties such as attaching creditors and subsequent chattel mortgagees, need not be considered. The question is a mixed one of law and fact and was fairly submitted to and determined by the jury. Finding no error in the record the judgment of the Circuit Court is affirmed.

AFFIRMED.   REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE MCCAMANT concur.