24700. BLAIN *v.* CORBIN.

Decided July 2, 1935.

*Donnelly & Fleetwood,* for plaintiff in error.
*Arthur L. Purvis,* contra.

SUTTON, J. This was an action of trover. The case was submitted to the trial judge upon the following agreed statement of facts: "On April 1, 1931, John M. Blain made, executed and delivered to May Thirza Corbin his certain deed to secure debt, as security for a loan of $3500, covering the following described real estate, to wit: 'All that certain lot, tract or parcel of land situate, lying and being on Wilmington Island, Chatham County, Georgia, and known as Lot Number 100 according to the plan made by Percy Sugden for the Wilmington Pleasure and Improvement Company, August 15, 1892, said lot having a frontage of 60 feet, more or less, on East Boulevard, and a rectangular depth of 300 feet, more or less, to Third Avenue, and being bounded northwardly by Third Avenue, easwardly by Lot Number 101, southwardly by East Boulevard, and westwardly by Lot Number 99 in said subdivision;' which deed to secure debt was duly recorded in the clerk's office of the superior court of Chatham County, Georgia, in Book of Deeds 27 K's, folio 320, and which deed to secure debt contained power of attorney to sell in the event of default of the covenants set forth

in said deed to secure debt. Said deed to secure debt conveyed title to the above-described property and premises, together with the hereditaments, appurtenances, easements, and improvements in any wise appertaining unto the said M. T. Corbin. Said property consists of a residence fronting East Boulevard, said boulevard meandering along the river bluff, the bluff at this point being approximately 20 feet above high-water mark. In selecting a location for an artesian well to supply said property with water it was found necessary to go below said bluff, or the well would not flow. Therefore Mr. Blain secured permission from H. C. Walthour, owner of the marsh land facing the boulevard, to place the well on the marsh lot immediately facing said Lot No. 100 described above, and thereon installed a gasoline engine and pump for the sole purpose of supplying said property with water, and at the same time took an option on said marsh lot for the sum of $35. Said option expired several years ago. On March 1, 1934, Mrs. May Thirza Corbin agreed to purchase the marsh lot, and the transaction was closed on April 27, 1934. John M. Blain defaulted, under' the terms and covenants of said deed to secure debt, and Mrs. May Thirza Corbin, on the 5th day of March, 1934, appointed a sole trustee to sell said property at public sale. Said trustee advertised said property during the month of March, 1934, and sold the same before the court-house door of Chatham County, Georgia, on Tuesday, April 3, 1934, at which sale the said Mrs. May Thirza Corbin purchased said property. On March 27, 1934, John M. Blain, or his agent, and without the knowledge or consent of the said Mrs. May Thirza Corbin, or anyone else save himself, removed or caused to be removed from the premises" the pump, engine, and accessories sued for in this case. "The plaintiff brought bail and trover proceedings in the city court of Savannah," and the defendant denied the plaintiff's title to said "property removed from the marsh lot," claiming title thereto himself. A demand for said property was made by plaintiff on defendant on April 16, 1934, prior to suit on April 28, 1934. The trial judge found in favor of the plaintiff. The defendant's motion for new trial was overruled, and he excepted.

1. Realty or real property includes all land and buildings thereon, and all things permanently attached to either, or any interest therein or issued out of or dependent thereon. Code of 1933, § 85-201.

2. A motive-power pump and engine used for pumping water out of an artesian well and the pipes and other accessories connected therewith, installed on premises for the purpose of furnishing water, is ordinarily considered a part of the real estate. 26 C. J. 722, § 111; *Cunningham* v. *Cureton*, 96 *Ga.* 489 (26 S. E. 420); *Brigham* v. *Overstreet*, 128 *Ga.* 447 (57 S. E. 484, 10 L. R. A. (N. S.) 452, 11 Ann. Cas. 75); *Lanier* v. *Winchester*, 7 *Ga. App.* 227 (66 S. E. 626); McConnell *v.* Blood, 123 Mass. 47 (25 Am. R. 12); Prudential Ins. Co. *v.* Guild (N. J. Eq.), 64 Atl. 694; Quimby *v.* Manhattan &c. Co., 24 N. J. Eq. 260; Johnson *v.* Pacific Land Co., 84 Or. 356 (164 Pac. 564). The deed to secure debt in this case conveyed the title to the premises described and to all fixtures thereon situated which had attached to and become a part of the realty thereby conveyed. *Cunningham* v. *Cureton,* supra; *Wolff* v. *Sampson,* 123 *Ga.* 400 (51 S. E. 335); *Skinner* v. *Stewart Plumbing Co.,* 42 *Ga. App.* 42 (155 S. E. 97). A water-pump and gasoline motor actually installed upon certain premises because of the lowness thereof, for the specific purpose of supplying water to another and adjacent higher lot 'of land is, in the purpose and method of its utilization, so associated with the lot of land to which the pipes therefrom convey the water and for the use of which the pump was installed that it is to be regarded as legally annexed, that is, a fixture, to the latter land rather than to the lot of land on which it is actually installed. 26 C. J. 666, § 20. The plaintiff acquired title to the premises whereon the pump was actually installed after the defendant had removed the pump and engine therefrom. The former owner of this particular lot of land is not seeking to claim title to the pump.

3. Trover is the proper remedy where there has been a wrongful severance of fixtures from real estate and taking thereof by the defendant. 26 C. J. 734, § 126, and cit.

4. Applying the above principles to the facts of this case, the trial judge did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*